IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ADRIENNE RINEHOLT, *et al.*,
    *Plaintiffs*,

v.

HFS FINANCIAL LLC, *et al.*,
    *Defendants*

Civil Action No. ABA-22-3253

**MEMORANDUM OPINION**

Adrienne Rineholt, along with eight other similarly situated individuals (collectively, "Plaintiffs"), filed this collective action against their former employer HFS Financial LLC ("HFS") and its owner, Larry Collins (collectively, "Defendants"), alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA") and analogous state law. *See* ECF No. 1 ("Compl."). The parties have settled their dispute, and jointly move for approval of their settlement agreement. *See* ECF No. 41 ("Jt. Mot."). Because the proposed settlement terms are fair and reasonable, and resolve a *bona fide* dispute between the parties, and because the requested award of attorneys' fees and costs is reasonable, the motion will be granted.

I.     **BACKGROUND**

HFS is a home improvement financing company based in Reisterstown, Maryland. Compl. ¶¶ 2.10, 4.6, 9.4, 10.4. Plaintiffs allege that, between 2020 and 2022, they worked for Defendants as loan processors, assessing and filing borrowers' applications. *Id*. ¶ 2.1–2.7, 2.9, 5.4. According to the complaint, Defendants willfully misclassified Plaintiffs as exempt employees, maintained a policy of recording reduced working hours, and failed to pay overtime wages in violation of state and federal law. *Id*. ¶¶ 1.4, 1.5, 5.5–5.13, 6.2, 7.2, 8.2, 9.2, 10.2. Based on these allegations, Plaintiffs asserted claims under the FLSA, the Maryland Wage and

Hour Law, Md. Code Ann., Labor & Empl. §§ 3-401 *et seq*. ("MWHL"), and the Maryland Wage Payment and Collection Law, Md. Code Ann., Labor & Empl. §§ 3-501 *et seq*. ("MWPCL").

The Court granted Plaintiffs' motion to conditionally certify the case as a collective action and allowed notice to be sent to potential collective members. *See* ECF No. 21. Nine individuals comprise the certified collective: Adrienne Rineholt, Judy Cooke, Sari Glazer, Audra Nelson, Socorro Reyes, Kim Stansbury, Amanda Whitaker, Clark Clatchey and Luisa Matrangolo. Jt. Mot. at 1-2.

The parties resolved their dispute after "months of litigation and negotiation." *Id*. at 3. They filed the now-pending joint motion, along with a copy of their proposed "Common Fund Settlement Agreement," in January 2024. *See* ECF No. 41-1 (the "Agreement"). The gross settlement amount is $345,687.52, including attorneys' fees and costs. *Id*. ¶ 4. Under the terms of the Agreement, Plaintiffs will receive $229,976.06, with their attorneys' fees and costs paid from the remaining settlement amount. *Id*. ¶ 4(1).[1] The specific payment due to each plaintiff will be equally divided between payroll and non-payroll checks. *Id*. ¶ 4(1)(a). The parties have further agreed that the settlement will be distributed to Plaintiffs pro rata, based on the hours claimed by Plaintiffs. Jt. Mot. at 8. "If for example a Plaintiff's alleged damages were 10% of the total

---

[1] There appears to be a very minor miscalculation in the Agreement, as the sum of the proposed distributions to Plaintiffs ($229,976.06) and Plaintiffs' counsel ($115,711.17), which is $345,687.23, does not reflect the proposed gross settlement amount ($345,687.52). *See* Agreement ¶ 4. Similar discrepancies appear in the parties' joint memorandum in support of their motion for approval. *See, e.g.*, Jt. Mot. at 11 (averring $115,711.07 as the proposed attorneys' fee award rather than $115,117.17). These inconsistencies are negligible, however, and do not bear on the Court's analysis of whether the settlement is reasonable. *See, e.g., Perez v. Progressive Logistics Servs.*, LLC, No. PWG-14-3303, 2015 WL 8327973, at *1 n.3 (D. Md. Dec. 8, 2015) (approving settlement and attorneys' fees notwithstanding minor disparities in counsel's timesheet and sworn declaration).

damages requested by the Collective Plaintiffs, that Plaintiff will receive 10% of the settlement amount allocated to the Plaintiffs." *Id.* Those amounts are set forth on Exhibit 2 to the settlement agreement. *See* ECF No. 41-1 at 18.

In exchange for those payments, Plaintiffs have agreed to a release, set forth in section 7 of the settlement agreement. That release is limited to "any and all claims, causes of action, demands or suits, whether civil or criminal, at law or in equity, known or unknown, fixed or contingent, liquidated or un-liquidated, *for the Released Claims* and arising or existing on or at any time prior to the execution of this Agreement or the Notice." Agreement ¶ 7 (emphasis added). "Released Claims," in turn, is defined as "claims for wages or overtime compensation under the FLSA, the MWHL, the MWPCL or otherwise," and specifically "any Claims for relief for the Released Claims that could have been alleged in the Lawsuit by the Plaintiff Parties." *Id.*

## II.   DISCUSSION

Congress enacted the FLSA to protect workers from "substandard wages and excessive hours" that resulted from unequal bargaining power between employers and employees. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To that end, the statute's provisions generally cannot be waived or modified. *See id.* at 707. Settlement of claims asserted under the FLSA are permitted, of course, provided that such a settlement either (a) is supervised by the Secretary of Labor or (b) as is requested in the present case and is the more common scenario, "reflects a 'reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" *Saman v. LBDP, Inc.*, Case No. 12-cv-1083-DKC, 2013 WL 2949047, at *2 (D. Md. June 13, 2013) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

3

The Fourth Circuit has not established a definitive rubric for determining the propriety of an FLSA settlement, but district courts in this circuit have adopted the considerations set forth in the Eleventh Circuit's *Lynn's Food Stores* case. *See*, *e.g.*, *Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 407-08 (D. Md. 2014). Under this approach, the Court determines whether a settlement provides "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1355.

A. *Bona Fide* Dispute

The first step of the analysis requires the Court to confirm that there are FLSA issues "actually in dispute." *Id.* at 1354. To determine whether a *bona fide* dispute exists, the Court reviews the pleadings, the recitals in the Agreement, and other court filings in the case. *See Duprey*, 30 F. Supp. 3d at 408. A review of the relevant pleadings and filings of this case confirms that there is a *bona fide* dispute.

The parties stipulate in their joint motion that a *bona fide* dispute exists. Jt. Mot. at 4. They "generally agree that Plaintiffs were not exempt from the overtime requirements and should have been paid overtime if they worked more than 40 hours per week." *Id*. But the parties are genuinely at odds over the degree of Defendants' liability. *Id*. Plaintiffs contend that Defendants failed to accurately record employees' working hours, and interrogatories from either side attesting to Plaintiffs' actual work schedules reflect conflicting answers. *Id.* at 5. Liability disagreements turning on the number of hours an employee has worked can be enough to establish a *bona fide* dispute. *See*, *e.g.*, *Fernandez v. Washington Hospitality Services, LLC*, 8:23-cv-839-AAQ, 2023 WL 4627422, at *2 (D. Md. Jul. 19, 2023) ("Disagreements over rates of pay and hours worked can constitute *bona fide* disputes over a defendant's liability."); *see also Duprey*, 30 F. Supp. 3d at 408 (finding *bona fide* dispute based on litigants' disagreement over

plaintiff's "rate of pay and hours worked"). There is no basis to decide differently here. The parties have a *bona fide* dispute under the FLSA.

### B. Fairness and Reasonableness of Settlement Terms

In the second step of an FLSA settlement analysis, courts assess the fairness and reasonableness of the settlement itself, which requires considering all relevant factors, including:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiff[]; (5) the opinions of class counsel . . . ; and (6) the probability of plaintiff['s] success on the merits and the amount of the settlement in relation to the potential recovery.

*Yanes v. ACCEL Heating & Cooling, LLC*, No. PX-16-2573, 2017 WL 915006, at *2 (D. Md. Mar. 8, 2017) (quoting *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1:08cv1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009)). These factors are usually satisfied if there is an "assurance of an adversarial context," and the employee is "represented by an attorney who can protect [his or her] rights under the statute." *Duprey*, 30 F. Supp. 3d at 408 (quoting *Lynn's Food Stores*, 679 F.2d at 1354). Here, these factors weigh in favor of accepting the proposed agreement, and the settlement appears to be a fair and reasonable compromise of the parties' *bona fide* dispute.

First, the parties have "had adequate time to conduct sufficient discovery to 'fairly evaluate the liability and financial aspects of [the] case.'" *Lomascolo*, 2009 WL 3094955, at *11 (quoting *In re A.H. Robins Co., Inc.*, 88 B.R. 755, 760 (E.D. Va. 1988)). This action has been pending for over a year, having been filed in December 2022. The parties maintain that they have used that time productively, negotiating a settlement as they "exchanged written discovery regarding the duties of the Plaintiffs and the hours worked by the Plaintiffs," including "complete compensation documentation regarding each of the Plaintiffs." Jt. Mot. at 6. As such,

5

the parties have "had sufficient opportunity to obtain and review evidence, to evaluate their claims and defenses, and to engage in informed arms-length settlement negotiations." *Melendez v. Declercq*, Inc., No. PJM 14-2247, 2016 WL 3387235, at *4 (D. Md. Jun. 14, 2016).

Regarding the second factor, the parties agree that further litigation at this stage would entail delay and uncertainty. Jt. Mot. at 6. Early termination of the proceedings based on their mutual interest in avoiding the time, expense, and risk of continuing this action is reasonable, and weighs in favor of settlement. *See, e.g.*, *Saman*, 2013 WL 2949047, at *4 (D. Md. June 13, 2013) (finding settlement fair and reasonable based in part on the litigants' desire "to avoid the costs of formal discovery, dispositive motions, and a possible trial").

As for the third factor, there is nothing to suggest that this settlement is the product of fraud or collusion. *See* Jt. Mot. at 6; *Lomascolo*, 2009 WL 3094955, at *12 ("There is a presumption that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary.").

The fourth factor is satisfied because Plaintiffs are represented by competent and knowledgeable attorneys. Plaintiff's counsel attests to having decades of employment law experience. Jt. Mot. at 6, 14, ECF No. 41-2 ¶¶ 3, 4, ECF No. 41-3 ¶ 9. *See Hackett v. ADF Rest. Investments*, 259 F. Supp. 3d 360, 366 (D. Md. 2016) (finding fourth factor satisfied based on counsel's asserted experience of litigating numerous lawsuits involving wage and hour violations).

The opinions of counsel, the fifth factor of the fairness assessment, also favors approval of the settlement. The joint motion does not reflect reluctance on the part of any party. Counsel for the parties expressly "join in their endorsement of the settlement." *Id*. Both sides believe that the settlement is fair and reasonable, and in their respective clients' best interest. *Id*.

Turning to the last factor, the relationship between Plaintiffs' potential and actual recovery also weighs in favor of accepting the proposed settlement. The parties represent that they have considered the strength of Plaintiffs' case, and are satisfied with the settlement amount, distribution method, and disbursement schedule as provided in the Agreement. Jt. Mot. at 5. Both sides acknowledge that the extent of Defendants' liability is a matter of significant disagreement. *Id.* at 7. Plaintiffs estimate that a favorable jury verdict could result in an award of between $89,032.59 and $300,670.98, excluding attorneys' fees and costs. *Id*. Plaintiffs calculate that the Agreement ensures a recovery of more than 76% of their maximum damages under the FLSA without the risks of going to trial. *Id. Cf. Gue v. Shree Pashuapati Corp.*, No. DKC-21-44, 2021 WL 2414866, at *2 (D. Md. Jun. 14, 2021) (approving settlement paying 20% of claimed compensation); *Lee v. Ex-Exec Lube*, *LLC*, No. DLB-19-3195, 2021 WL 1117274, at *2 (D. Md. Mar. 24, 2021) (approving settlement paying 14% of claimed compensation). A favorable verdict conceivably could result in a larger award, but that possibility alone is not enough to render this settlement unfair. *See Strother v. OS Restaurant Services, LLC*, No. 8:22-cv-0845-AAQ, 2023 WL 1769733, at *4 (D. Md. Feb. 3, 2023) ("[T]here is also a possibility that Plaintiff is entitled to a lesser amount of damages or no damages at all. Thus, the probability of full recovery is not so great as to outweigh the benefits of settlement in this case.") (quoting *Kuntze v. Josh Enterprises, Inc.*, No. 2:18cv38, 2019 WL 2179220, at *3 (E.D. Va. May 20, 2019)). Given the range of outcomes that are possible even if liability is proven, the Court is convinced that the settlement amount "reflects a reasonable compromise over issues actually in dispute." *Lomascolo*, 2009 WL 3094955, at *8.

Upon consideration of these factors, the Court finds the settlement to be fair and reasonable.

### C.     Attorneys' Fees

The last step of the settlement analysis requires evaluating the reasonableness of the attorneys' fees and costs awarded in connection with the settlement. *Lane v. Ko-Me, LLC*, No. DKC-10-2261, 2011 WL 3880427, at *2 (D. Md. Aug. 31, 2011). The Agreement provides $115,711.17 in attorneys' fees and costs. *See* Agreement ¶ 4(1)(a). This sum is reasonable.

The starting point is the terms of Plaintiffs' agreement with their counsel. Here, Plaintiffs' counsel "took this case on a contingency basis, without any assurance that we would be paid any fees or reimbursed any cost for [its] efforts or expenditures." Decl. of Chris Miltenberger, ECF No. 41-2 ("Miltenberger Decl."), ¶ 13. Although not explicitly stated, the Court understands that counsel's agreement with their clients provided that counsel would be compensated with one third of any recovery. *See id.* "In the Fourth Circuit, 'the percentage-of-recovery approach is not only permitted, but is the preferred approach to determine attorney's fees'" in both collective actions, like this case, and class actions. *Curtis v. Genesis Eng'g Sols., Inc.*, No. GJH-21-722, 2022 WL 1062024, at *6 (D. Md. Apr. 8, 2022). "A request for one-third of a settlement fund is common in this circuit and generally considered reasonable." *Id.* (citation omitted).

But even where plaintiffs have agreed to a contingency fee arrangement, it is the Court's obligation to ensure that any fee and costs award pursuant to such agreement is reasonable. The Court determines the reasonableness of attorneys' fees using "the principles of the traditional lodestar method as a guide." *Lane*, 2011 WL 3880427, at *3 (quoting *Poulin v. General Dynamics Shared Resources, Inc.*, No. 3:09–cv–00058, 2010 WL 1813497, at *1 (W.D. Va. May 5, 2010)). The lodestar amount is determined by multiplying the number of hours reasonably expended by a reasonable hourly rate. *See Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235,

243 (4th Cir. 2009). Under the lodestar approach, an hourly rate "is reasonable if it is 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Duprey*, 30 F. Supp. 3d at 412 (quoting *Blum v. Stenson*, 465 U.S. 886, 890 n.11 (1984)). This Court maintains rough guidelines regarding appropriate hourly rates in Appendix B to its Local Rules, although higher rates can be reasonable. *See* U.S. District Court, District of Maryland, Local Rules (D. Md. Jul. 2023).

The Fourth Circuit addressed specific factors district courts should consider in determining the reasonableness of attorneys' fees in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978). They are:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Barber*, 577 F.2d at 226 n.28.

Here, Chris Miltenberger, Rebecca Miltenberger, and Gregg Greenberg represent that they have collectively performed almost 130 hours of work in this case, for a lodestar amount totaling just over $60,000. Jt. Mot at 12. Counsel's lodestar is comprised as follows:

| Attorney | Hours | Standard rate | Total lodestar |
|---|---|---|---|
| Chris Miltenberger | 85 hours | $475 | $40,375 |
| Rebecca Miltenberger | 35 hours | $450 | $15,975 |
| Gregg Greenberg | 9 hours | $425 | $3,740 |
| | | **Total** | $60,090 |

As for the reasonableness of the attorneys' hourly rates, those rates are within the range of those presumed reasonable in Appendix B of this Court's Local Rules. *See Saman*, 2013 WL 2949047, at *7 ("[A]ny request for attorneys' fees must comport with the requirements and

9

guidance set forth in Local Rule 109 and Appendix B to the Local Rules."). Mr. Miltenberger and Ms. Miltenberger have each been practicing law for over twenty years and Mr. Greenberg has been practicing for sixteen years. Jt. Mot at 14. The guideline rate for lawyers admitted to the bar for twenty years or more is $300 to $475 per hour, and for lawyers admitted to the bar for fifteen to nineteen years is $275 to $425 per hour. Because Plaintiff's counsel's hourly rates are within those ranges, they are presumptively reasonable.

As for the hours comprising the lodestar, counsel have submitted sworn declarations accompanied by detailed time records. *See Hackett*, 259 F. Supp. 3d at 368 ("Plaintiffs are expected to provide all documentation necessary for the Court to make a lodestar determination as to the hours reasonably expended, including but not limited to declarations establishing the hours expended by counsel, broken down for each task performed.") (citing *Saman*, 2013 WL 2949047, at *7); *see also Lane*, 2011 WL 3880427, at *3 ("[P]arties seeking approval of an award of attorneys' fees must provide the court with the means for making this assessment."). The time records describe in adequate detail the specific work that each attorney performed. *See* ECF Nos. 41-2, 41-3. There is nothing in these records to indicate needless or unreasonably duplicative work. Thus, the proposed hourly rates and number of hours expended is reasonable.

Finally, a cross-check of the lodestar figure confirms that the proposed fee award is reasonable. The requested fee reflects a 1.89 multiplier, which is within the range of multipliers courts have traditionally found appropriate. *See Hackett*, 259 F. Supp. 3d at 369 (lodestar multipliers falling between 2 and 4.5 demonstrate a reasonable attorneys' fee) (citing *Singleton v. Domino's Pizza*, LLC, 976 F. Supp. 2d 665, 689 (D. Md. 2013); *see also Starr v. Credible Behav. Health, Inc.*, No. CV 20-2986 PJM, 2021 WL 2141542, at *5 (D. Md. May 26, 2021) ("A request for one-third of a settlement fund is common in this circuit and generally considered

reasonable.") (citing *Kirkpatrick v. Cardinal Innovations Healthcare Sols.*, 352 F. Supp. 3d 499, 505–06 (M.D.N.C. 2018)). Given the disputes described above, the parties' representations as to the skill, knowledge, and experience required to handle this case, and the work performed by Plaintiffs' counsel, the fee award is reasonable.

The Agreement also provides $597.52 in costs for the statutory filing fee and the service of process fees on both Defendants. *See* Agreement ¶ 4(1)(b). "Costs that may be charged include 'those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services.'" *Trs. of the Nat'l Automatic Sprinkler Indus. Welfare Fund v. Westland Fire Prot., Inc.*, No. DKC 12-1421, 2014 WL 824121, at *3 (D. Md. Feb. 28, 2014) (quoting *Spell v. McDaniel*, 852 F.2d 762, 771 (4th Cir. 1988)). Mr. Miltenberger attests to incurring these expenses, which are reasonable and typical. *See* ECF No. 41-2 ¶ 12.

Having considered the relevant factors, the Court concludes the standard for approval of the settlement is satisfied. The proposed settlement is a fair and reasonable resolution of a *bona fide* dispute. The attorneys' fees and costs are also fair and reasonable. The settlement will be approved, and the requested fees will be awarded in full.

### III.    CONCLUSION

For the reasons stated above, the parties' joint motion for final approval of settlement will be granted. A separate order will follow.

Date:   March 21, 2024                              _____/s/_____
                                                    Adam B. Abelson
                                                    United States Magistrate Judge